## HOWARD et al. v. MAXWELL MOTOR CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. June 1, 1921.)

No. 187.

Corporations ☜579(2)—Lessor creditor held entitled to follow assets after reorganization sale to recover subsequently accruing rentals.

Where the assets of a corporation were sold by the receivers to a reorganized company, subject to payment of claims filed within a time fixed by the court, and such assets exceeded in value the price paid in a sum sufficient to pay all claims, the purchaser, by paying the rent under a lease to the old company until the time for filing claims expired, could not deprive the lessor of the right to follow such assets to recover for subsequently accruing rentals.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in Equity by Harold A. Howard and John C. Howard, trustees under the will of Sarah J. Howard, deceased, against the Maxwell Motor Company, Inc., and the Maxwell Briscoe Motor Company. Decree for complainants, and defendant Maxwell Motor Company appeals. Affirmed.

For opinion below, see 269 Fed. 292.

Larkin, Rathbone & Perry, of New York City (Henry V. Poor, of New York City, of counsel), for appellant.

Norman K. Anderson, of Chicago, Ill., and F. Leon Shelp, of New York City, for appellees.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The Maxwell Motor Company, Inc., purchased the property of several corporations then in the hands of equity receivers, among others the Maxwell Briscoe Motor Company, at public sale under a plan of reorganization approved by the court. The court fixed a time before which all creditors were required to file their claims or be barred from participation in the proceeds of sale, which is a usual and proper limitation for the protection of the purchaser. The value of the Maxwell Briscoe Motor Company's property has been found by the court below to have exceeded the amount paid for it by the reorganizing company, the Maxwell Motor Company, Inc.; the excess being more than enough to pay the creditors of the Maxwell Briscoe Motor Company in full.

The plaintiffs, trustees under the will of Sarah J. Howard, deceased, had leased certain premises in Chicago to the Maxwell Briscoe Chicago Company, whose name was afterwards changed to United Motor Chicago Company, and the Maxwell Briscoe Motor Company had guaranteed the payment of the rent under this lease. The receivers before, and the Maxwell Motor Company, Inc., after, the sale, continued to pay the rent quarterly in advance until the time fixed for proving claims had elapsed, so that the plaintiffs were never in a position to prove their

claim in time. Subsequently the plaintiffs recovered a judgment for $142,560 against the Maxwell Briscoe Motor Company on its guaranty. After the sale the United Motor Chicago Company was adjudicated a bankrupt upon its own petition.

We agree with the court below that the defendant company, which was the purchaser, could not by this payment of rent deprive the plaintiffs of their right to follow the assets of the Maxwell Briscoe Motor Company.

Decree affirmed.